# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**LA SHAWN GOLDEN FOR N.B.,**

        **Plaintiff,**

**v.**                                                                                    **Case No: 8:14-cv-1804-T-27JRK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____/

## ORDER

        **BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge (Dkt. 20), recommending that the decision of the Commissioner denying Plaintiff's claim for Supplemental Security Income be affirmed. Plaintiff filed objections (Dkt. 22), to which the Commissioner responded (Dkt. 24). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

        After a *de novo* review of the findings to which objections are made, and a review of the findings to which objection is not made for plain error, I agree with the Magistrate Judge that the ALJ applied the correct legal standards and his decision is supported by substantial evidence. Accordingly, the objections are overruled, the Report and Recommendation is adopted, and the Commissioner's decision is affirmed.

## I.      PLAINTIFF'S OBJECTIONS

Although Plaintiff initially states she objects to the Report and Recommendation for two reasons, she actually makes four objections, which mirror her original arguments: (1) the ALJ failed to state the weight he gave to Claimant's treating psychiatrist, Dr. Kunins; (2) the ALJ erred in finding that Claimant did not have a marked limitation in the domain of attending and completing tasks; (3) the ALJ erred in finding that Claimant's impairment did not meet a listed impairment; and (4) the ALJ did not properly weigh the testimony of Claimant's mother, the Plaintiff herein.

## II.     STANDARD

The ALJ's decision is reviewed to determine whether the correct legal standards were applied, *Graham v. Apfel*, 129 F.3d 1420, 1420 (11th Cir. 1997), and if the decision as a whole is supported by substantial evidence.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."  *Id.*  Legal conclusions of the ALJ, however, are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## III.    DISCUSSION

An individual under the age of eighteen is considered disabled if she has a medically determinable physical or mental impairment, or combination of impairments, that cause marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations define the statutory standard of "marked and severe functional

limitations" in terms of "listing-level severity." *See* 20 C.F.R. §§ 416.902, 416.906, 416.924(a), 416.926a(a). The Commissioner follows a three-step inquiry in determining whether a child is disabled: (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a "severe" impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments is of listing-level severity, that is, the impairments meet, medically equal, or functionally equal the severity of an impairment in the listings.[1] *See id.*; § 416.924.

### A.  The ALJ's failure to assign weight to Dr. Kunins' notes and findings constitutes harmless error

The ALJ must "state with particularity the weight given to different medical opinions, and the reasons therefore." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987)). In her first objection, Plaintiff contends that the ALJ erred in failing to state the weight he gave to the opinions and treatment notes of Dr. Kunins, Claimant's treating psychiatrist, and improperly disregarded portions of his treatment notes, specifically the April 6, 2011 and April 18, 2012 treatment plans, in which Dr. Kunins noted severe presenting and targeted symptoms in the categories of "impaired attention/concentration" (*see* AR 270, 294).[2]

This objection is overruled. The record demonstrates that although the ALJ did not mention Dr. Kunins by name, he relied extensively on his treatment notes from SequelCare of Florida, and accorded those notes substantial weight. And the Magistrate Judge is correct that any error by the

---

[1] The listings are found in Appendix 1 of 20 C.F.R. part 404, subpart P.

[2] Plaintiff's reliance on *McGruter v. Brown*, 791 F.2d 1544, 1548 (11th Cir. 1986) is misplaced. Unlike here, the ALJ in *McGruter* focused on only "one aspect of the evidence," ignoring other parts of the record, and placing "too much weight to the supposed 'exaggeration' by appellant of her pain." Here, as is evident from the thorough discussion of the record evidence, the ALJ cannot fairly be said to have ignored any of the evidence, or to have attached "too much weight" to a single aspect of the record.

ALJ is harmless, since the ALJ's ultimate findings are consistent with Dr. Kunins' treatment notes, which documented Claimant's improvement during the time she treated with Dr. Kunins (*compare* AR 301, Dr. Kunins' notes of June 30, 2011 ("'way too hyper,'gets angry, disruptive, and aggressive. In school, 'she bites the kids, fights the kids and takes the kids' stuff'") with his December 20, 2012 notes ("continues to be doing well both at home and in school").[3]

The ALJ considered Dr. Kunins' treatment notes, which he referred to as "notes from SequelCare of Florida." (*See* AR 19).[4] For example, the ALJ cited the exhibits that include Dr. Kunins' notes (AR 19-21). Relying on those notes, specifically the December 20, 2012 treatment notes which describe Claimant as "doing well at both home and in school," her improved GAF score, and the other evidence and medical opinions in the record, the ALJ found that Claimant did not have a marked impairment in the domain of attending and completing tasks (AR 19, 288). It is therefore apparent that the ALJ gave those notes substantial weight, and in any event, his finding is consistent with them.

Unlike the domain of attending and completing tasks, the ALJ found that Claimant had a marked impairment in the domain of interacting and relating with others, again relying on Dr. Kunins' notes, which he identified as Exhibits 3F and 6F  (AR 20-21). It is likewise apparent that the ALJ gave substantial weight to those notes, since there was other evidence in the record indicating "a less than marked limitation in the functional domain of interacting and relating with

---

[3] Indeed, a review of Dr. Kunins' Medication Management progress notes from June 30, 2011 when he prescribed Tenex, through December 20, 2012, demonstrates that Claimant continued to improve, became calmer and less disruptive, and  was "doing well." (AR 288-289; 290-291; 297-301). And in a April 18, 2012 mental status exam, Dr. Kunins found Claimant to be "calm and cooperative, appropriate affect, reports good mood." (AR 292).

[4] As the Magistrate Judge noted, Plaintiff acknowledged in her Memorandum that the ALJ utilized Dr. Kunins' notes (Dkt. 16 at 3).

others." (AR 21). And again, Dr. Kunins' notes were consistent with the ALJ's ultimate finding that Claimant had a marked impairment in the domain of interacting and relating with others.

Accordingly, even if there was error on the part of the ALJ in failing to expressly mention Dr. Kunins by name or expressly assign weight to his notes, the Magistrate Judge was correct in determining that any such failure is harmless error. *See Caldwell v. Barnhart*, 261 Fed. App'x 188, 191 (11th Cir. 2008) (where the ALJ mentioned the physician's findings, but did not state what weight she gave them, and they did not contradict the ALJ's findings, the error was harmless).

In support of her objection to the Magistrate Judge's determination that the ALJ gave substantial weight to Dr. Kunins' notes, Plaintiff points to Dr. Kunins' April 2011 and 2012 treatment plans, in which he documented as severe the presenting and targeted symptoms of manipulative/demanding/tantrums, defiant/destructive/aggressive, impaired attention/concentration, lack of insight/impaired judgment, and irritable/agitated/inappropriate anger (AR 270, 294).[5]

Yet, Plaintiff overlooks that the ALJ expressly referenced those treatment plans and symptoms in his discussion of Claimant's marked limitation in the domain of interacting and relating to others (AR 21) (". . . the undersigned notes that the claimant's parents often complained of impulse control, irritability, excessive talking, temper tantrums and other symptoms (Exhibit 3F, 6F)"). The ALJ correctly observed, however, that Dr. Kunins, in his December 20, 2012 treatment notes, saw improvement in Claimant's behavior since implementation of the treatment plans, stating that "she continues to be doing well both at home and in school and is cute and pleasant with our

---

[5] In her original memorandum, Plaintiff only cited the April 2012 treatment plan (AR 294).

5

interview and seems to be good [sic] mood." (AR 19,  288).[6] Additionally, Dr. Kunins' treatment notes from visits after the April 2012 treatment plan all note that Claimant continued to improve (AR 289) ("she is mostly doing well with 1's"); (AR 290) ("she continues to be doing mostly well with less disruptive behavior"); (AR 291) ("she continues to be calmer with less disruptive behavior").[7]

As the magistrate judge correctly observed, an ALJ's failure to state the weight afforded to a medical opinion is harmless where, as here, the opinion does not contradict the ALJ's ultimate findings. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983); *see also Tillman v. Comm'r*, 559 Fed. App'x 975, 975–76 (11th Cir. 2014) (per curiam) (recognizing harmless error analysis in the context of an ALJ's failure to address a treating source's opinion and concluding that "when the ALJ's error did not affect its ultimate findings, the error is harmless, and the ALJ's decision will stand"); *Caldwell*, 261 Fed. App'x at 191 (finding that the ALJ's failure to state what weight she gave to a physician's opinions was harmless error because they did not otherwise contradict the ALJ's findings); *Wright v. Barnhart*, 153 Fed. App'x 678, 684 (11th Cir. 2005) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [the plaintiff's physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").

---

[6] To the extent Plaintiff complains that the ALJ improperly rejected and failed to accord weight to the presenting/targeted symptom of severe impaired attention/concentration in the April 18, 2012 Treatment Plan Review, that argument is not persuasive. Indeed, the Commissioner correctly points out that Dr. Kunins reported fair concentration in his Psychiatric Evaluation Update on the same day (AR 292) ("Mem, conc. and calc. are fair."). That notation constitutes a finding by the doctor, as opposed to a check in a box indicating a presenting-targeted symptom, and is certainly consistent with the ALJ's ultimate determination that Claimant

[7] As discussed, it is apparent that the ALJ considered and gave weight to Dr. Kunins' treatment notes in reaching his ultimate decision. As discussed, those notes document Claimant's improvement since she began seeing Dr. Kunins and the prescribed treatment plans were implemented. Plaintiff's contention that the ALJ substituted his opinion for that of Dr. Kunins is simply unfounded, and her reliance on *Freeman v. Schweiker*, 681 F.2d 727 (11th Cir. 1982) is accordingly misplaced.

**B.**     **The ALJ did not err in finding that Claimant's impairment did not meet a listed impairment**

The ALJ found that while Claimant has the severe impairments of attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder, and asthma, these impairments are not of listing-level severity (AR 14). In her second objection, Plaintiff contends that Claimant's impairments meet both Sections A and B in Listing 112.11. Claimant has the burden of proving the existence of a listing-level impairment. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Mere diagnosis of a listed impairment is not sufficient. *See id.*; *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson*, 284 F.3d at 1224 (internal quotations and citations omitted).

Listing 112.11 concerns ADHD, "[m]anifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity." 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.11. To satisfy this listing, Claimant must meet the criteria of Sections A and B of the Listing. *See id.* Section A requires medically documented findings of all of the following: (1) marked inattention; (2) marked impulsiveness; and (3) marked hyperactivity.[8] *See id.* § 112.11A.

With respect to Section A, Plaintiff relies on Claimant's kindergarten teacher's evaluation report (AR 218), Dr. Kunins' notes regarding concentration and attention (AR 270, 294), and Claimant's mother's testimony to support a finding of marked inattention. She relies on the ALJ's

---

[8] "[M]arked" is used as a standard for measuring the degree of limitation. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 12.00C. "[I]t means more than moderate but less than extreme. A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with your ability to function independently, appropriately, effectively, and on a sustained basis." *Id.*

finding that Claimant has a marked limitation in the domain of interacting and relating with others to support a finding of marked impulsiveness. And she relies on the diagnosis of ADHD to support a finding of hyperactivity. None of this is availing.

As the Magistrate Judge correctly found, Claimant does not meet the requirements of Section A. As discussed, while Dr. Kunins noted as severe Claimant's presented and targeted symptoms of attention/concentration in his April 2012 Treatment Plan Review, all of his subsequent treatment notes indicate that Claimant improved and is doing well overall.[9] And as noted, on the same day, Dr. Kunins found Claimant's concentration to be "fair." (AR 292). Further, the teacher's latest evaluation report notes only occasional difficulties with attention and concentration. Finally, the ALJ found the mother's testimony not entirely credible with regard to the severity of Claimant's symptoms of attention and concentration.

In sum, Claimant does not meet the criteria of marked inattention. And, as the Magistrate Judge correctly observed, Plaintiff has not cited any medically documented evidence of impulsiveness or hyperactivity.[10] Accordingly, substantial evidence supports the ALJ's finding that Claimant's severe impairments do not meet or medically equal any Listing. As the Magistrate Judge found, this is dispositive since Plaintiff must meet the requirements of Sections A and B.

---

[9] *See* 20 C.F.R. § 416.929 ("Factors relevant to your symptoms, such as pain, which we will consider include: . . . (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; . . . ."); *Smith v. Comm'r of Soc. Sec. Admin.*, 564 Fed. App'x 758, 762-63 (6th Cir. 2014) (substantial evidence supported the ALJ's conclusion that the claimant did not have the marked impairments required to meet or equal the listing for ADHD where testimony and medical and school records demonstrated that her ADHD symptoms improved considerably with medication and that her mood stabilized, her ability to concentrate and focus increased, and she made significant progress in her academic performance and social functioning); *Hicks v. Comm'r of Soc. Sec.*, 479 Fed. App'x 294, 296 (11th Cir. 2012) (taking into consideration improvement of symptoms).

[10] A diagnosis of ADHD is not enough. *See Carnes*, 936 F.2d at 1218. Plaintiff must also provide medical evidence documenting that Claimant's ADHD meets the specific criteria in Listing 112.11. *See Wilson*, 284 F.3d at 1224.

Although Plaintiff must meet both Section A and B, a brief discussion of Section B is appropriate. Section B requires a showing that the disorder resulted in marked impairment in at least two of the appropriate age-group criteria in Section B2 of 112.02. *See id.* § 112.11B. Section B2 of 112.02 lists the following criteria: (1) marked impairment in age-appropriate cognitive/communicative function, documented by medical findings, (2) marked impairment in age-appropriate social functioning, documented by history and medical findings, (3) marked impairment in age-appropriate personal functioning, documented by history and medical findings, or (4) marked difficulties in maintaining concentration, persistence, or pace. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.02.

Even if Plaintiff could meet the requirements of Section A, she does not meet the requirements of Section B because she cannot show that Claimant's disorders resulted in a marked impairment in at least two of the appropriate age-group criteria. Although she again relies on Dr. Kunins' early treatment plans and the evaluation report of Claimant's teacher, Plaintiff offers no medical findings to support a marked impairment in at least two of the appropriate age-group criteria. For the same reasons stated above, Dr. Kunins' most recent notes and the teacher's evaluation report do not indicate marked difficulties in maintaining concentration, persistence, or pace. *See* 112.02(B)(2)(d).

Plaintiff makes a more compelling argument that by virtue of the ALJ's finding of a marked limitation in the domain of interacting and relating with others,  Claimant necessarily has a marked impairment in age-appropriate social functioning. However, under Listing 112.02B, she must prove a documented history and medical findings. While there is arguably a documented history from Claimant's teacher and parent supporting this contention, Dr. Kunins' most recent treatment notes

9

show improvement in this area. (AR 288) ("she continues to be doing well both at home and in school and is cute and pleasant with our interview and seems to be good [sic] mood."). Nevertheless, Plaintiff has not shown that Claimant satisfies any of the other three criteria. Plaintiff has therefore has not met her burden under Section B.

**C.** **The ALJ did not err in finding that Claimant does not have a marked limitation in the domain of attending and completing tasks**

Plaintiff next contends that the ALJ should have determined that Claimant's impairment functionally equals the listings because he should have found her to be markedly impaired in the domain of attending and completing tasks.

To functionally equal the listings, "the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities," using "six major domains of life." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004) (quoting 20 C.F.R. § 416.926a(b)(1)). Those domains are:

(i)   Acquiring and using information;
(ii)  Attending and completing tasks;
(iii) Interacting and relating with others;
(iv) Moving about and manipulating objects;
(v)  Caring for [one]self; and
(vi) Health and physical well-being

20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals the listings, and thus is of listing-level severity, "if as a result of the limitations stemming from the impairment, the child has 'marked limitations' in two of the domains, or an 'extreme' limitation in one domain." *Shinn*, 391 F.3d at 1279 (quoting 20 C.F.R. 416.926a(d)).

The ALJ found Claimant to have a marked limitation in the domain of interacting and relating with others, but less than a marked limitation in the domains of attending and completing

10

tasks, acquiring and using information, ability to care for herself, and health and physical well-being, and no limitation in the domain of moving about and manipulating objects. Plaintiff contends, pointing to Dr. Kunins' diagnosis of ADHD and assessments, her mother's testimony, and Claimant's teacher's evaluation report, that Claimant has a marked limitation in the domain of attending and completing tasks (Dkt. 22 at 6-7).

Specifically, Plaintiff relies on Dr. Kunins' April 2011 and April 2012 assessments which documented severe presenting and targeted symptoms regarding attention and concentration (AR 270, 294), Claimant's kindergarten teacher's evaluation stating that Claimant "is easily distracted, repeatedly becomes sidetracked by getting up out of her seat and frequently interrupting others as well as requiring extra supervision because of her conduct," (AR 218), and Claimant's mother's testimony.[11]

The Magistrate Judge found that the ALJ "discussed the relevant evidence in detail." (Dkt. 20 at 17). The record bears this out. As the Magistrate Judge correctly found, the ALJ's finding as to the domain of attending and completing tasks is supported by substantial evidence. And it is not for the Court to reweigh the evidence, or substitute its judgment for that of the Commissioner. *Winschel,* 631 F.3d at 1178.

As discussed earlier, the ALJ expressly relied on Dr. Kunins' assessments and it is apparent that he afforded those assessments substantial weight. Again, subsequent to Dr. Kunins' April 2011 and April 2012 assessments, he noted improvement in Claimant's behavior and her GAF score, and

---

[11] Plaintiff does not mention any specific testimony or cite portions of the record with respect to the mother's testimony. However, the Court assumes she means the testimony cited earlier in her brief regarding Claimant being disruptive in class, interrupting others, talking all the time, and being unable to sit still or complete dinner (*see* Dkt. 16 at 4; AR 15).

that she was doing well (AR 288-291). The ALJ also discussed the most recent (October 26, 2012) teacher Behavior Evaluation, quoting from it that Claimant is "'average' in terms of homework completion, that she only 'occasionally' makes careless mistakes in schoolwork" and "has occasional difficulty sustaining attention . . . [and] following through on instructions and finishing homework" (AR 19, citing Exhibit 19E at AR 218).[12] Finally, the ALJ considered the mother's testimony but found that it was not entirely credible with respect to the intensity, persistence and limiting effects of Claimant's symptoms (AR 16, 19).

Accordingly, the ALJ's finding of less than a marked limitation in the domain of attending and completing tasks is supported by substantial evidence. Plaintiff's objection is overruled.

### D.   The ALJ properly weighed the testimony from Claimant's mother

Lastly, Plaintiff contends the ALJ improperly discredited her testimony in determining that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . ." (AR 16). Plaintiff argues, as she did to the Magistrate Judge, that the only evidence the ALJ could possibly have utilized to make this determination would have been the opinions of the State Agency doctors, which Plaintiff maintains was improper. She urges that the ALJ should have given substantial weight to Dr. Kunins' notes, and little weight to the State Agency doctors.

In order to establish a disability based on testimony of symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either

---

[12] On October 26, 2012, the teacher reported that the Claimant was "doing well academically" and that the only problems she had are "excessive talking and losing her temper."(AR 218). As the ALJ noted, in an earlier evaluation, Claimant's teacher reported that she had no problems in attending and completing tasks (AR 135, Exhibit 5E, April 28, 2011). Subsequent evaluations did note *some* obvious and *some* serious problems in attending and completing tasks (AR 171, Exhibit 11E, May 5, 2011; AR 185, Exhibit 12E, July 26, 2011) (emphasis added).

(a) objective medical evidence confirming the severity of the alleged symptom; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed symptom. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *See Wilson*, 284 F.3d at 1225. Importantly, however, credibility findings are the province of the ALJ. *Moore v. Barnhart,* 405 F.3d 1208, 1212 (11th Cir. 2005).

In assessing the evidence, the ALJ summarized Claimant's mother's testimony and "[a]fter considering the evidence of record," found that although "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms,[] the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . ."(AR 15-16).[13] The ALJ discussed and compared the medical opinions and evidence of record, including the mother's testimony and the State Agency doctors, and how the evidence related to the six functional equivalence domains (AR 16-24).

As discussed, it is apparent that the ALJ gave substantial weight to Dr. Kunins' notes, and in any event, the ALJ's ultimate findings were not inconsistent with those notes. And he gave only moderate weight to the State Agency doctors, expressly disagreeing with them on whether Claimant had a marked limitation in the domain of interacting and relating with others (AR 16).

While the ALJ did not accept the mother's testimony as "entirely credible," he included an explanation. In discussing the functional domain of attending and completing tasks, he contrasted

---

[13] Claimant's mother's testimony may be properly considered in determining whether the limitations stemming from Claimant's impairment "are functionally equivalent to the limitations specified in the Listings." *Shinn*, 391 F.3d at 1284 (Section 416.924a(a)(2) authorizes an ALJ to consider nonmedical evidence in considering whether the limitations stemming from a child's impairment are functionally equivalent to the limitations specified in the Listings).

the mother's testimony that "the claimant has a tendency not to complete tasks" with the "most recent education record [which] indicates that the claimant is 'average' in terms of homework completion," and had only occasional difficulty in sustaining attention, following through on instructions and finishing homework, citing Exhibit 19E (AR 218).

In his discussion of the functional domain of interacting and relating with others, the ALJ credited the testimony of the mother that Claimant is irritable and loses her temper when she does not get her way, a trait noted in the most recent education record (AR 20). But he contrasted the parental complaints reported to Dr. Kunins with the improvement the doctor noted in his December 20, 2012 treatment notes (AR 21). And in his discussion of the functional domain of moving about and manipulating objects, the ALJ noted that the mother complained that Claimant "moves about and manipulates objects more than she would like to see." He contrasted that, however, with the absence of any such concerns by the teacher in her evaluations (AR 22).

In his discussion of the functional domain of ability to care for herself, the ALJ credited the mother's indication in the function report she completed before the hearing that Claimant did not have any problems taking care of personal needs (AR 23). And finally, the ALJ contrasted the mother's testimony that Claimant experiences asthma symptoms triggered by weather and environmental changes and the necessity of her missing school that day due to asthma problems with the absence of any similar concerns noted in the teacher evaluations and the absence of serious symptoms in the medical records (AR 24).

A careful reading of the ALJ's decision demonstrates that he adequately articulated reasons for not accepting Plaintiff's testimony in its entirety. And substantial evidence supports his findings. By carefully contrasting the record evidence which supported Plaintiff's testimony, as well as

contradicted it, the ALJ engaged in a well reasoned credibility determination. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir.1995). And contrary to Plaintiff's argument, the ALJ did not fail to apply the proper pain standard, or to evaluate all the facts in determining whether she was entirely credible. The record evidence and medical opinions do not support Plaintiff's testimony in its entirety with respect to the severity of the Claimant's symptoms and her functioning. Accordingly, the ALJ's decision to only partially credit Plaintiff's testimony was not error. Plaintiff's objection is overruled.

Accordingly, Plaintiff's Objections are **OVERRULED**. The Report and Recommendation (Dkt. 20) is **ADOPTED** and **APPROVED** in all respects and is made a part of this order for all purposes, including appellate review. The decision of the Defendant Commissioner is **AFFIRMED**.

The Clerk is directed to **ENTER JUDGMENT** in favor of the Defendant Commissioner and against the Plaintiff and to **CLOSE** the file.

**DONE AND ORDERED** this 23rd day of September, 2015.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record